IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TINNUS ENTERPRISES, LLC** | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 6:16-cv-0034 RWS-JDL |
| **WAL-MART STORES INC., et al.,** | § § | JURY DEMANDED |
| Defendants. | § § § | |

## ORDER

Before the Court is Defendants Wal-Mart Stores Inc., Bed Bath & Beyond Inc., Fry's Electronics, Kohl's Department Stores Inc., The Kroger company, Sears Holding Corporation, Toys "R" Us-Delaware, Inc. and Walgreens Boots Alliance, Inc.'s ("Defendants") Emergency Motion to compel Plaintiffs to immediately remove the "Confidential-Attorneys' Eyes Only" designation from the Declaration of James Nunziati. (Doc. No. 32.) Plaintiff Tinnus Enterprises LLC has filed a response. (Doc. No. 36.) Defendants' Emergency Motion (Doc. No. 32) is **DENIED**.

Defendants seek to remove the designation "so that the Retailers can investigate the accuracy of allegations made by Mr. Nunziati about retail customers." (Doc. No. 32, at 1.) A protective order has not yet been entered in this action, and the Court will maintain the good faith designations by the parties during this time. Here, Plaintiff has identified statements in Mr. Nunziati's declaration that contain confidential business impressions of ZURU's executive regarding ZURU's position with its corporate retail customers. (Doc. No. 36, at 3.) Plaintiff has also argued that revealing these statements to the retailers would harm Plaintiff because the retailers could use the declaration as leverage to negotiate price points for the sale of Plaintiff's

1

Bunch O Balloons products. *Id.* As such, the Court finds that Plaintiff has shown its designation is appropriate under the circumstances.

Moreover, Defendants provide no explanation for why they cannot sufficiently investigate the veracity of Mr. Nunziati's claims with the retailers without providing Mr. Nunziati's declaration to the retailers. Defendants are of course free to attempt to corroborate or contradict Mr. Nunziati's claims by talking generally to the retailers about their interactions with ZURU.

For these reasons, Defendants' Emergency Motion (Doc. No. 32) is **DENIED**.

So ORDERED and SIGNED this 27th day of May, 2016.

_JOHN D. LOVE_
UNITED STATES MAGISTRATE JUDGE